IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------x
                                          :
JOHN D. DEANE                             :          3:12 CV 966 (JBA)
                                          :
                                          :
v.                                        :
                                          :
COREPLUS FEDERAL CREDIT                   :          SEPTEMBER 16, 2013
UNION                                     :
-------------------------------------------x
```

<u>RULING ON PLAINTIFF'S  MOTION FOR RELIEF FROM JUDGMENT AND/OR ORDER</u>

On July 2, 2012, plaintiff John D. Deane commenced this § 1983 action, <u>pro se</u>, against defendants CorePlus Federal Credit Union ["CFCU"], Waterford Police Department ["WPD"], and Detective Shea of the WPD, with respect to an allegedly false arrest (Dkt. #1)[1], and plaintiff filed an Amended Complaint on October 4, 2012.  (Dkt. #27).   Defendants WPD and Shea filed their Answer and Affirmative Defenses on September 21, 2012 (Dkt. #26) and defendant CFCU filed its Answer and Affirmative Defenses on October 22, 2012 (Dkt. #32; <u>see also</u> Dkts. ##30, 33-39).  Under the Scheduling Order filed by U.S. District Judge Janet Bond Arterton on January 23, 2013, all discovery was to be completed by October 1, 2013 and all dispositive motions were to be filed by October 15, 2013.  (Dkt. #43).[2]  On October 23, 2012, Judge Arterton had referred the file to this Magistrate Judge for pretrial matters. (Dkt. #35).

On June 11, 2013, defendants WPD and Shea filed their Motion to Compel (Dkt. #67), regarding plaintiff's deposition.  More than one month later, on July 15, 2013, this Magistrate

---

[1]Plaintiff's Motion for Leave to Proceed <u>In Forma Pauperis</u>, filed that same day, was granted twenty-two days later.  (<u>See</u> Dkts. ##2, 6, 8).

[2]There have been multiple discovery disputes in this case.  (<u>See</u> Dkts. ##29, 40, 44-47, 49, 51, 60, 67).

Judge granted this motion, in that plaintiff had failed to file a timely brief in opposition, and plaintiff was required to appear at his deposition on or before August 30, 2013.  (Dkt. #68).[3]

One month later, on August 14, 2013, plaintiff filed the pending Motion for Relief from Judgment and/or Order (Dkt. #69), as to which defendants WPD and Shea filed their Objection the same day.  (Dkt. #70).[4]  Plaintiff filed his reply brief the next day (Dkt. #71). Defendant CFCU filed its brief in opposition on August 29, 2013.  (Dkt. #73).

In his motion and brief, plaintiff alleges that he missed his deadlines because he "spent the last three months in an extremely difficult position due to the physical abuse and subsequent Restraining Order against [his] ex-wife, [his] hospitalization . . . due to a nervous breakdown, and [his] hospitalization . . . due to emergency surgery."  (Dkt. #69, at 1; see also Dkt. #71, at 1-2).  Plaintiff requests the Court, under FED. R. CIV. P.  60(b), to "relieve" plaintiff from all rulings made from May 1, 2013 through August 14, 2013.  (Dkt. #69, at 2; see also Dkt. #71, at 4).

In their brief in opposition (Dkt. #70), defendants WPD and Shea argue that plaintiff's actions are "particularly troubling" in light of plaintiff's history in this case when he falsely confirmed his attendance for a deposition in May 2013 and then failed to appear, and now he makes "an eleventh-hour motion" to avoid appearing for his deposition that was ordered by this Court.  (See Dkt. #70, at 1-3; see Dkt. #68).

In his reply brief, plaintiff argues he has not missed any deadlines prior to May 2013

---

[3]There already had been previous motions and rulings regarding plaintiff's deposition.  See note 2 supra.

[4]The following three exhibits were attached: copies of e-mail correspondence between plaintiff and defense counsel's office, dated July 22, 24 & 31, and August 9, 2013 (Exh. 1); copies of e-mail correspondence between plaintiff and defense counsel's office, dated May 15, 16 & 21, 2013 (Exh. 2); and copy of Notice of Deposition, dated July 24, 2013 (Exh. 3).

except for his first deposition, which coincided with "an unfortunate encounter with his ex-wife resulting in police action and a Restraining Order[,]" (Dkt. #71, at 1-2), and that plaintiff's other medical issues are protected under HIPPA.  (Id. at 2).[5]

In its brief in opposition (Dkt. #73), defendant CFCU points out that plaintiff has "offered nothing to substantiate [his] claimed excuses[,]" (at 1), plaintiff himself filed four separate motions on May 2-3, 2013 (id., citing Dkts. ##58-61), and plaintiff confirmed in an e-mail on May 16, 2013 that he would appear at his deposition that day but failed to do so. (Id. at 1-2).  As to plaintiff's HIPPA argument, defendant CFCU contends that it was plaintiff himself who put his medical condition at "issue in this case." (Id. at 2-3).

Defendants are correct that plaintiff filed four separate motions on May 2-3, 2013 (Dkts. ##58-61), and outside of the July 15, 2013 electronic endorsement at issue here (Dkt. #68), the only rulings in this case are rulings on plaintiff's motions, filed on May 7, 2013. (Dkts. ##63-66).

In the interest of completing discovery in this case, plaintiff's Motion for Relief from Judgment and/or Order (Dkt. #69) is granted to the limited extent that the deadline for completing plaintiff's deposition is now extended**, absent agreement of defense counsel, in writing, to the contrary, until October 18, 2013.  IF PLAINTIFF FAILS TO APPEAR AT THIS RESCHEDULED DEPOSITION, DEFENDANTS MAY FILE AN APPROPRIATE MOTION TO DISMISS THIS LAWSUIT.**

The deadline for the completion of discovery is extended until **November 29, 2013**, and after a pre-filing conference before Judge Arterton, all dispositive motions are to be filed **on or before January 10, 2014**.

_____

[5]Plaintiff, in turn, seeks sanctions from defendants.  (Id. at 3-4).  This request is denied.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)(written objections to ruling must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to the Second Circuit).

Dated at New Haven, this 16th day of September, 2013.


 /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

4